CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 05, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TA'KUAN BINGHAM, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CORRECTIONAL OFFICER )<br>G. MILLER, )<br>    Defendant. ) | Case No. 7:25-cv-00460<br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

## MEMORANDUM OPINION

Ta'Kuan Bingham, a state prisoner proceeding pro se and without prepayment of the filing fee, brought this action under 42 U.S.C. § 1983 against Correctional Officer G. Miller. For the reasons set forth below, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

### I.   Background

Bingham is incarcerated at Red Onion State Prison. He previously filed at least three actions that were dismissed for failure to state a claim upon which relief may be granted. See Bingham v. Graham, No. 1:24-cv-01759 (E.D. Va. Mar. 28, 2025); Bingham v. Shaw, No. 1:24-cv-01034 (E.D. Va. Oct. 30, 2024), aff'd, No. 24-7114 (4th Cir. 2025); Bingham v. Red Onion State Prison Acct. Dep't, No. 7:24-cv-00208 (W.D. Va. July 22, 2024); Bingham v. Anderson, No. 1:23-cv-00654 (E.D. Va. Dec. 11, 2023).

On July 1, 2025, Bingham executed a form complaint under 42 U.S.C. § 1983 against Miller. Bingham alleges that Miller hindered his ability to exhaust his administrative remedies by denying his requests for written complaints. See Compl., ECF No. 1, at 2. He seeks punitive damages and injunctive relief. Id.

## II.  Discussion

"[T]he Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortis-Marquez, 590 U.S. 595, 597 (2020). The rule provides that a prisoner like Bingham, who has had three or more civil actions dismissed as frivolous, malicious, or for failure to state a claim, may not bring another civil action without prepayment of the filing fee unless he shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the imminent-danger exception, an inmate must "allege[] sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022).

Bingham's complaint does not set forth facts sufficient to satisfy the imminent-danger exception. He does not allege that he suffered any physical injury as a result of the defendant's actions or omissions, much less suggest that he faces an imminent risk of serious physical injury. Consequently, Bingham may not proceed without prepayment of the filing fee.

## III.  Conclusion

For the reasons stated, Bingham has at least three strikes under 28 U.S.C. § 1915(g). Because he has not prepaid the filing fee or alleged facts sufficient to establish that he is in imminent danger of serious physical injury, his complaint is **DISMISSED** without prejudice.*

---

\* The court also notes that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure" and "cannot bring a § 1983 claim alleging denial of a specific grievance process." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Thus, Bingham's current allegations also fail to state a claim upon which relief may be granted.

An appropriate order will be entered.

Entered: August 5, 2025

Michael F. Urbanski
U.S. District Judge
2025.08.05
10:24:14 -04'00'

Michael F. Urbanski
Senior United States District Judge

3